UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

   Plaintiff,

   - against -       Civil No. _____

$21,020.00  in U.S. Currency,

   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## VERIFIED COMPLAINT FOR FORFEITURE

  Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States

Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this

complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules

of Civil Procedure:

### NATURE OF THE ACTION

1.  This is a civil forfeiture action against U.S. currency involved in violations of the

Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2.  The defendant is $21,020.00 in U.S. Currency.

3.  The defendant property was seized from Patrik Cyrel Manzon and Ayaz Naeem Ansari

during a traffic stop in Cecil County, MD on November 20, 2013.

### JURISDICTION AND VENUE

4.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant

property.  This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over

this particular action under 21 U.S.C. § 881(a)(6).

5.   This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6.   Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.   The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8.   The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of TFO Sgt. Gregory Barnes of the Drug Enforcement Administration which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:     April 14, 2014

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a Task Force Officer of the Drug Enforcement Administration, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Stefan D. Cassella
Assistant U.S. Attorney

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $21,020.00 in United States Currency.

I, Sergeant Gregory Barnes, Task Force Officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $21,020.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a.      On November 20, 2013, Sergeant Michael Smart, of the Maryland State Police, assigned to the JFK Highway Barrack, stopped a 2013 Subaru WRX bearing Maryland registration 9AT2119 in the area of Northbound Interstate 95, at mile marker 93.3, in Cecil County, Maryland, for an equipment violation (window tint too dark for Sergeant Smart to see into the vehicle).

b.      Upon approaching the vehicle, the driver, was identified as Patrik Cyrel MANZON, by his Maryland driver's license, and a front seat passenger was identified as Ayaz Naeem ANSARI, by his Maryland Identification Card.

c.      The vehicle was registered to Analiza Antioquia Manzon, who was not present.

d.      Sergeant Smart detected an odor of burnt marijuana, and the odor of a masking Agent, from nine (9) air freshener trees emanating from within the vehicle.

e.      Sergeant Smart noticed MANZON'S hands were visibly shaking and

ANSARI would not make eye contact with Sergeant Smart, continually staring straight ahead.

      f.      During a probable cause hand search of the vehicle,  Sergeant Smart discovered a black colored backpack, lying in the middle area of the back seats.  Inside the backpack was a white plastic grocery bag containing two (2) separate large bundles of United States Currency. The Currency was bundled in $1,000 increments of multiple denominations and totaled $21,020.00 dollars.

      g.      Both MANZON and ANSARI denied ownership of the backpack and of the United States Currency.

      h.      MANZON did admit that he smokes marijuana several times a week, but said that he had not smoked inside the vehicle for two (2) days.

      i.      MANZON and ANSARI were transported to the JFK Highway Barrack, where they were released without being charged.

      h.      A K-9 scan was conducted on the currency, and the K-9 alerted positively for the presence of a controlled dangerous substance.

      i.      The officers conducted a criminal history check on both MANZON and ANSARI. ANSARI has six (6) prior arrests, including five (5) felony drug arrests.  No criminal record could be located for MANZON.

      j.      Officers conducted a check for wages and employment for ANSARI, through the Maryland Department of Labor, Licensing and Regulation.  A check was conducted through all fifty States.  ANSARI reported earnings totaling $16,750.00 in the first three (3) quarters of 2013 and $20,375.00 for the last three (3) quarters of 2012.  No record of earnings could be located for MANZON, due to the fact that a social security number could not be located for MANZON.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $21,020.00 U.S. CURRENCY FROM AYAZ ANSARI AND PATRIK MANZON ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Gregory Barnes
Task Force Officer
Drug Enforcement Administration

**MEMORANDUM**

DATE:              April 22, 2014

TO:                Kristine Cupp
                   U.S. Marshal Service

FROM:              Jennifer Stubbs
                   Paralegal
                   U.S. Attorney's Office - District of Maryland

RE:                **U.S. v. $21,020.00 in U.S. CURRENCY**

                   **Civil Action No.**

                   **CATS ID 14-DEA-593724**
                   **Agency Case No. – GC-14-0045**

=====================================================================

       The United States has filed a forfeiture action against **$21,020.00 in U.S. CURRENCY**.
A copy of the Complaint for Forfeiture is attached.

       Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the
Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

       Thank you.

Attachment

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND<br>RETURN |
|---|---|
| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER |
| DEFENDANT<br>**$21,020.00 in U.S. Currency** | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE** ▸ **AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
**GC-14-0045 / 14-DEA-593724**

ADDRESS (*Street or RFD, Apartment No., City, State, and ZIP Code*)

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| Jennifer Stubbs, FSA Paralegal<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of process to be<br>served with this Form - 285 |
| | Number of parties to be<br>served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service*)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of : | TELEPHONE<br>NUMBER<br>410-209-4800 | DATE<br>4/22/14 |
|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process<br>No._____ | District of Origin<br>No._____ | District to Serve<br>No._____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*).

| Name and title of individual served (*If not shown above*). | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address (*complete only if different than shown above*) | | Date of Service / Time / am / pm |
| | | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS: